IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.  Case No. 4:21-CR-00060-01-JM
    Case No. 4:24-CV-00424-JM

CHRISTOPHER BAREFIELD

## ORDER

For the reasons set out below, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 74) is DENIED.

### I. BACKGROUND

On October 11, 2022, a jury found Defendant guilty of being a felon in possession of a firearm.[1] He was sentenced to 88 months in prison.[2] On February 14, 2024, the Court of Appeals for the Eighth Circuit affirmed Defendant's conviction and sentence.[3] The Eighth Circuit noted the following:

> At trial, the government presented photos, officer testimony, and dash camera video as evidence. Specifically, an investigator testified that he felt a firearm in Barefield's pocket while conducting a routine pat-down. As the investigator tried to control Barefield and hold onto the firearm through an outer layer of clothing, Barefield fled. A chase ensued. The investigator testified that during the chase, Barefield took the firearm out of his pocket and had it in his hand. Barefield jumped multiple fences and crossed an interstate exit ramp. The investigator followed and eventually was able to catch up to Barefield. By the time of Barefield's arrest, the investigator had injured himself, and Barefield no longer had the gun. The investigator shared the route of the chase with two colleagues who retraced the path and were able to find the gun on the ground in a ditch . . . We conclude that the

---

[1] Doc. No. 52.

[2] Doc. No. 61.

[3] Doc. No. 71.

1

evidence viewed in the light most favorable to the verdict was sufficient for a reasonable jury to determine that Barefield was in possession of a firearm.[4]

On May 13, 2024, Defendant filed a § 2255 motion asserting several claims of ineffective assistance of counsel and a Second Amendment violation.[5]

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Defendant must first show that his lawyer's performance fell below an objective standard of reasonableness.[6] He must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[7]

Then, the Court must determine whether, considering all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[8] A defendant faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[9]

---

[4] *Id.*

[5] Doc. No. 74.

[6] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[7] *Id.* at 690.

[8] *Id.*

[9] *Id*. at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

If a defendant establishes deficient performance by counsel, he still must establish prejudice.[10] This requires a defendant to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[11]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If a defendant fails to establish either part of this test, the Court need not consider the remaining part of the test.[12]

Defendant asserts that his lawyer failed to investigate the circumstances surrounding the instant offense. Without more, this conclusory statement does not support an ineffective assistance claim.[13] His lawyer obviously investigated the circumstances, as evidenced by the issues he presented to the jury during trial.

According to Defendant, his lawyer failed to challenge the fact that there were no fingerprints or DNA on the weapon. To the contrary, his lawyer repeatedly raised this issue in trial.[14] Additionally, he raised the issue on appeal, but it was rejected.[15] Defendant's lawyer raised the arguments, he just was not successful. Even without fingerprints or DNA, the jury obviously believed the officer's testimony regarding the fact that he had "a hold of the firearm

---

[10] *Strickland*, 466 U.S. at 694.

[11] *Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome.").

[12] *Stephen v. Smith*, 963 F.3d 795, 800 (8th Cir. 2020).

[13] *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir.2001) (conclusory allegations are insufficient to establish ineffective assistance).

[14] Doc. No. 67 at 71, 72, 79, 80.

[15] *United States v. Barefield*, No. 23-1781 (8th Cir. July 27, 2023).

that [was] in Mr. Barefield's pocket" which eventually was recovered after Defendant threw it while fleeing from the police.[16]

Defendant asserts that his lawyer should have argued that no body cam video supports the fact that he threw the weapon. Again, Defendant's lawyer pointed out that the officer never saw Defendant throw the gun.[17]

Defendant contends that his lawyer failed to challenge the traffic stop. However, he provides no allegations to support an argument that the officer had no reason to pull over the vehicle in which Defendant was a passenger. Again, conclusory statements do not support an ineffective assistance claim.[18]

Defendant's conclusory argument that his lawyer failed to challenge false statements about the stop and the officer not being at trial fail for the same reasons set out in the previous paragraph. Additionally, Defendant can show neither error nor prejudice regarding a specific officer not being at trial.

Defendant claims that his lawyer should have challenged the stop being made by an unmarked vehicle. Nothing is illegal about being stopped by an unmarked vehicle. A lawyer's failure to raise frivolous arguments does not support an ineffective assistance claim.[19]

---

[16] Doc. No. 67 at 48.

[17] *Id.* at 57, 61, 62, 70, 79, 80, 107-108.

[18] *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir.2001) (conclusory allegations are insufficient to establish ineffective assistance).

[19] *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curium) (holding that "counsel's failure to advance a meritless argument cannot constitute ineffective assistance").

Defendant finally argues that his lawyer failed to request suppression of evidence after Defendant requested it. Again, Defendant's conclusory allegation fails to set out any facts would have supported suppressing any evidence.

### B. Second Amendment Violation

Defendant alleges that his custody violates the Second Amendment based on the United States Supreme Court's ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*.[20] This same argument has been rejected by the Eighth Circuit: "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons."[21]

### CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 74) is DENIED.

IT IS SO ORDERED this 15th day of May, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[20] 597 U.S. 1, 3 (2022).

[21] *United States v. Jackson*, 69 F.4th 495, 505 (8th Cir. 2023).